IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 3:11-cr-00083-15 |
| v. | ) | Senior Judge Haynes |
| | ) | |
| CARLOS ANTWAN FLETCHER | ) | |

## MEMORANDUM

Before the Court is Defendant Carlos Antwan Fletcher's motion to reduce or modify sentence pursuant to 18 U.S.C. § 3582(c)(2). (Docket Entry No. 810). Defendant's appointed counsel filed a supplemental brief (Docket Entry No. 1097), asserting that he did not have any further brief or argument to present on behalf Defendant. In response (Docket Entry No. 1099), the Government contends that based upon the terms of Defendant's plea agreement Defendant waived his right to attack his sentence under 18 U.S.C. § 3582(c)(2) and that Defendant is not eligible for a sentence reduction below the bottom of the amended guideline range.

On April 12, 2013, pursuant to the parties' plea agreement under Fed. R. Crim. P. 11(c)(1)(C), Defendant pled guilty to count four of the second superseding indictment, possession of a firearm in furtherance of a drug trafficking crime; to count five, possession with intent to distribute MDMA (ecstasy); and to count six, possession with intent to distribute marijuana. (Docket Entry No. 560). As part of that agreement, the Government dismissed count one, conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine and 100 kilograms or more of marijuana under 21 U.S.C. § 841(a)(1) and 846, and count three, possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c), that respectively carried mandatory minimum terms of ten years, and a consecutive five years. Id. at 8. Defendant agreed to waive his right to attack collaterally his sentence pursuant to Section 3582(c)(2). Id. at 16.

The parties did not agree on a criminal history category, but agreed to recommend a final offense level of 17. Id. at 14. The parties agreed that Defendant's guideline range would include a sentence of sixty (60) months, consecutive to the applicable guideline range for Defendant's convictions on counts five and six, and thus, Defendant would receive an effective term of eighty-four (84) months of imprisonment. Id. The Court granted the parties' joint motion to waive preparation of a presentence report (Docket Entry No. 559) and sentenced Defendant to eighty-four (84) months of imprisonment and to three (3) years of supervised release. (Docket Entry No. 561 at 2, 3).

"It is well established that a criminal defendant may lawfully waive any right, statutory or constitutional, in a plea agreement with the government so long as the defendant's waiver is both knowing and voluntary." Parnell v. U.S., No. 3:13-cv-0990, 2013 WL 5938199 at *2 (M.D. Tenn. Nov. 6, 2013) (citing United States v. Coker, 514 F.3d 562, 573 (6th Cir. 2008)). "Such waiver does not apply, however, to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel." Nunley v. U.S., No. 3:11-cv-00308, 2011 WL 3651280 at *6 (M.D. Tenn. Aug, 18, 2011). Defendant does not assert that any of these claims, excluded by the agreement, apply here. Defendant's waiver was supported by the Government dismissing counts one and three. The record reflects that the waiver was knowing and voluntary. Thus, the Court concludes that Defendant is bound by his waiver. See In re Acosta, 480 F.3d 421, 422 (6th Cir.2007) ("[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable.").

In any event, assuming arguendo that Defendant's motion is appropriate, Defendant is not eligible for a reduction in sentence under Amendment 782.

A court may modify a defendant's term of imprisonment in which he is serving if a guideline range applicable to that defendant was subsequently lowered by an amendment to the sentencing guidelines. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1), (d). Amendment 782 retroactively lowered the base offense level by two levels for many drug offenses by revising the drug quantity tables set forth in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 782.

Defendant's presentence report prepared after Defendant's sentencing reflects that Defendant's criminal history was IV. Defendant's base offense level was 18, that was then reduced by two levels for acceptance of responsibility, and reduced by one level upon the Government's motion, resulting in a total offense level of 15 for counts five and six. Defendant's guideline range for counts five and six was thirty (30) to thirty-seven (37) months and sixty (60) months consecutive on count four.

After Amendment 782, Defendant's base offense level was reduced two points, resulting in a total criminal offense level of 13 for counts five and six. With a total criminal offense level of 13 and a criminal history cate gory of IV, the resulting guideline range is twenty-four (24) to thirty (30) months for counts five and six. Count four requires a consecutive sixty (60) month sentence. Thus, Defendant's amended guideline range is eighty-four (84) to ninety (90) months.

The policy statement applicable to § 3582(c)(2) provides:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1) (2015). Further, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guidelines range determined under [§ 1B1.10(b)(1)]." Id., § 1B1.10(b)(2)(A). Thus, § 1B1.10(b)(2) prohibits a court from reducing a defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range. United States v. Jackson, 751 F.3d 707, 711-12 (6th Cir. 2014). "Subsection 1B1.10(b)(2)'s limitation on a district court's sentence-reduction authority is absolute. Id. at 711 (citing Dillon v. United States, 560 U.S. 817 (2010)).

> Yet, § 1B1.10(b)(2)(B) provides the following exception:
>
> Exception for Substantial Assistance.--If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under [§ 1B1.10(b)(1) ] may be appropriate.

Id., § 1B1.10(b)(2)(B) (2011). Thus, "a district court may lower a defendant's sentence below the amended guidelines range only if the original sentence was below the original guidelines range because the defendant provided substantial assistance to the government." United States v. Glover, 686 F.3d 1203, 1207 (11th Cir. 2012) (emphasis added); United States v. Jackson, 751 F.3d 707, 711 n.1 (6th Cir. 2014) (noting that § 1B1.10(b)(2)(B)'s exception did not apply where the defendant's sentence was not based upon substantial assistance); United States v. Nichols, 789 F.3d 795, 796 (7th Cir. 2015); United States v. Valdez, 492 Fed. Appx 895, 899 (10th Cir. 2012).

Defendant's original sentence was not based upon substantial assistance. Pursuant to the parties' agreement, Defendant was sentenced to 84 months that is the bottom of the amended guideline range. Thus, Defendant's sentence cannot be reduced any further under Amendment 782.

4

Case 3:11-cr-00083   Document 1131   Filed 02/29/16   Page 4 of 5 PageID #: 7220

Accordingly, Defendant's motion to reduce or modify sentence pursuant to 18 U.S.C. § 3582(c)(2) (Docket Entry No. 810) should be **DENIED.**

An appropriate Order is filed herewith.

It is so **ORDERED.**

**ENTERED** this the 29th day of February, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge